IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02144-BNB

WYATT T. HANDY JR.,

    Applicant,

v.

J. GRAYSON ROBINSON,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Wyatt T. Handy Jr., is a pretrial detainee and currently is held at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Handy, acting *pro se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the Application, Mr. Handy asserts four claims, including ineffective assistance of counsel for failing to properly investigate suppressed evidence; dissimilar treatment by the trial judge because Mr. Handy is poor, ignorant, and African-American; and two claims of abuse of discretion by the trial court for failing to grant Mr. Handy's motion to sanction the prosecutor and his motion for ineffective assistance of counsel and allowing the suppression of evidence. All claims involve the preliminary hearing in Mr. Handy's state criminal proceeding. Mr. Handy seeks dismissal of the charges against him and release from detention or, in the alternative, a directive by this Court to the Colorado Supreme Court to order the Arapahoe County District Court to show cause why a new preliminary hearing should not be granted.

The Court must construe the Application liberally because Mr. Handy is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Handy is a pretrial detainee and is subject to untried charges. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971); *Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995). To establish extraordinary or special circumstances, a party must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. The exceptions to *Younger* provide only for a "very narrow gate for federal intervention." *Phelps*, 59 F.3d at 1064 (internal quotation marks omitted).

Furthermore, the Supreme Court has established three factors that are relevant to determine whether abstention is required under *Younger*. *See Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). (citations omitted). In determining whether *Younger* is appropriate, a court considers whether:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (citation and quotation marks omitted). "Once these three conditions are

2

met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Id.* (citation omitted).

In the instant action, all three of these conditions are met. Mr. Handy is involved in a state criminal proceeding that is ongoing, as evidenced by his pending criminal trial in the Arapahoe County District Court. Second, Mr. Handy has not demonstrated that the state court is not an adequate forum to hear his constitutional challenges to the handling of his preliminary hearing. Indeed, the filing of a Colo. App. R. 21 petition offers Mr. Handy a forum to raise his constitutional challenges, *see People v. Fry*, ___ P.3d ___, 2010 WL 2521741 * 5 (Colo. App. June 24, 2010), and the adjudication of this federal lawsuit would inescapably intrude on the potential for the state court to decide the same issues. Third, there are important state interests in allowing the Colorado state court to resolve the issues brought by Mr. Handy.

Further, no exceptions to *Younger* exist in this case. Mr. Handy's challenge of the effectiveness of counsel and the discriminatory treatment and abuse of discretion by the trial judge at his preliminary hearing do not demonstrate he will suffer great and immediate irreparable injury if this Court fails to intervene in the ongoing, state-court criminal proceedings. *See Younger*, 401 U.S. at 46; *Dolack v. Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977). Because Mr. Handy fails to assert an exception to *Younger*, the Court should abstain from exercising jurisdiction. *See, e.g., D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

Finally, if Mr. Handy's sentence and conviction are ultimately upheld in state court, and he believes that his federal constitutional rights were violated, he may pursue

his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action dismissed without prejudice pursuant to the abstention doctrine of **Younger v. Harris**, 401 U.S. 37 (1971).

DATED at Denver, Colorado, this __21st__ day of __September__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02144-BNB

Wyatt T. Handy, Jr.
Prisoner No. 1006451
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/21/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk